# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**A.H.,**
**Respondent Below, Petitioner**

**v.) No. 24-745** (Cabell County CC-06-2024-S-AP-7)

**J.B.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner A.H. appeals the Circuit Court of Cabell County's order entered on November 22, 2024, denying her motion for reconsideration of its earlier order reversing the magistrate court's denial of the respondent's petition for a personal safety order ("PSO") and remanding for the entry of a six-month PSO against the petitioner.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the decision of the circuit court is appropriate. *See* W. Va. R. App. P. 21(c).

The proceedings commenced when the respondent, J.B., filed a petition for a PSO against the petitioner in magistrate court. On October 21, 2024, the magistrate court denied the respondent's petition, reasoning that J.B. should have filed for a domestic violence protective order ("DVPO") instead. The respondent appealed the magistrate court's decision to the Circuit Court of Cabell County. The circuit court held a de novo hearing on the matter on November 12, 2024, wherein both parties appeared and testified. The parties confirmed that they were not family or household members as defined in West Virginia Code § 48-27-204 and therefore, fell outside the definition of "domestic violence." *See* W. Va. Code § 48-27-202. The respondent further testified that she received multiple threatening text messages from the petitioner and was informed by someone else that the petitioner had made threats to kill her, although the petitioner denied this conduct. Ultimately, the circuit court found that because the evidence showed that "[A.H.] stalked [J.B.] and placed her in reasonable fear of bodily harm . . . [thus committing an act under West Virginia] Code § 53-8-4(a)(3)," a PSO was appropriate. Accordingly, in an order entered on November 13, 2024, the circuit court reversed the magistrate court's decision and remanded the case for entry of an order granting the respondent a PSO against the petitioner for six months.

On November 21, 2024, the petitioner filed a motion for reconsideration asserting three issues: (1) there was not clear and convincing evidence to support the grant of the PSO; (2)

---

[1] The petitioner is self-represented. The respondent makes no appearance before this Court. Additionally, we use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

although "the court could find it reasonable to keep the PSO in effect," as the parties agreed to have no contact, the court should reconsider the evidence and findings made because "being accused of 'stalking, harassing, bullying, and making people fear for their lives' is completely degrading"; and (3) the evidence supporting the PSO was insufficient and inauthentic. The circuit court found that there were "no grounds for altering its findings," emphasizing the petitioner's concession that the PSO was appropriate. Therefore, in an order entered on November 22, 2024, the court denied the petitioner's motion and affirmed its prior order, reiterating that there was sufficient evidence that the petitioner threatened and stalked the respondent which placed the respondent in reasonable fear of bodily harm. The petitioner now appeals the circuit court's November 22, 2024, order.

As more fully set forth below, the petitioner appeals the circuit court's order denying her motion made pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure.[2] With this in mind, we note that the standard of review "applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 1, in part, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998). Accordingly, we apply the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-pronged deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. W. Va. Ethics Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997).

---

[2] Based upon the petitioner's representations, a PSO was entered. To the extent this case is technically moot now due to the expiration of the PSO, "this Court retains the discretion to address issues that are raised in technically moot cases." *Gallery v. W. Va. Secondary Schs. Activities Comm'n*, 205 W. Va. 364, 367, 518 S.E.2d 368, 371 (1999). As we have explained, this Court may choose to decide technically moot issues upon consideration of three factors, including "whether sufficient collateral consequences will result from determination of the questions presented so as to justify relief" or when "issues . . . may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting and determinate nature." Syl. Pt. 1, in part, *Israel by Israel v. W. Va. Secondary Schs. Activities Comm'n*, 182 W. Va. 454, 388 S.E.2d 480 (1989). Here, the matter satisfies two of the three *Israel* factors. Unquestionably, due to PSOs' fleeting and short nature, issues regarding PSOs are capable of being repeatedly presented to the lower courts yet escape review before this Court. Furthermore, the petitioner alleges collateral consequences in the form of legal fees that she incurred defending against an alleged violation of the PSO and that the PSO affected her family court case as she faced inquiries on the issue. Thus, within our discretion, we decide to address the matter, especially considering that the petitioner filed a motion to expedite her appeal on March 12, 2025—prior to expiration of the PSO.

At the outset, we must first address the petitioner's motion for reconsideration as such motions are "not recognized under our Rules of Civil Procedure." Syl. Pt. 2, in part, *Malone v. Potomac Highlands Airport Auth.*, 237 W. Va. 235, 786 S.E.2d 594 (2015). Instead, "[w]hen a party filing a motion for reconsideration does not indicate under which West Virginia Rule of Civil Procedure it is filing the motion," the circuit court is left to consider the motion under either Rule 59(e) or Rule 60(b) of the Rules of Civil Procedure. Syl. Pt. 2, in part, *Powderidge Unit Owners Ass'n v. Highland Props., Ltd.*, 196 W. Va. 692, 474 S.E.2d 872 (1996). As we have clarified, "[i]f the motion is filed within ten days of the circuit court's entry of judgment, the motion is treated as a motion to alter or amend under Rule 59(e)." *Id.* Because the petitioner's motion for reconsideration was filed within the ten-day limit,[3] it can only be addressed under Rule 59(e) of the Rules of Civil Procedure.

As this relates to the petitioner's appeal, we have explained that "[t]he practical effect of [a Rule 59(e)] motion is to enlarge the time within which an appeal must be filed *as to those matters which are the subject of the motion*." *Wickland*, 204 W. Va. at 434, 513 S.E.2d at 661 (emphasis added). Importantly, "the only errors which benefit from the extended appeal period are those which are raised in the [Rule 59(e)] motion. The issues not assigned as grounds supporting an alternation or amendment of judgment retain the original filing period." Syl. Pt. 3, in part, *Thompson v. Branches-Domestic Violence Shelter of Huntington, W. Va., Inc.*, 207 W. Va. 479, 534 S.E.2d 33 (2000). Accordingly, the appeal period which originally began on November 13, 2024, was extended to November 22, 2024, (the date of the order disposing of the petitioner's Rule 59(e) motion) for purposes of the issues raised in the petitioner's motion. However, we note that the petitioner is barred from raising errors other than the three grounds raised in her Rule 59(e) motion (as she failed to timely appeal from the circuit court's order reversing the magistrate court's denial of the petition for a PSO and remanding for the entry of the same[4]) and we decline to address such errors on appeal.[5]

---

[3] We recognize that on January 1, 2025, Rule 59(e) of the Rules of Civil Procedure was amended to allow for the filing of a Rule 59(e) motion "no later than *28 days* after the entry of the judgment." (emphasis added). Nonetheless, due to the present circumstances, under either version of the rule, the petitioner's motion would still be categorized as a motion filed pursuant to Rule 59(e) and therefore, we treat her motion as such.

[4] The circuit court's order was entered on November 13, 2024. Under West Virginia Code § 58-5-4, the time for perfecting an appeal is governed by our Rules of Appellate Procedure, which require that "an appeal must be perfected within *four months* of the date the judgment being appealed was entered." W. Va. R. App. P. 5(f) (emphasis added). Here, the petitioner filed her brief on March 24, 2025, which was outside the time to perfect.

[5] These alleged errors we do not address include the petitioner's assertions that the circuit court failed to consider evidence regarding the parties' hostile history, failed to subpoena additional evidence, committed judicial misconduct, and did not consider newly obtained evidence, such as security footage from the magistrate court.

Turning to the merits of this appeal, the petitioner argues that the evidence was insufficient to support the granting of a PSO because "there exists no authenticated proof" that the petitioner committed an act described in West Virginia Code § 53-8-4(a)(3). We do not agree. West Virginia Code §§ 53-8-7(a)(2)(A)(i) and (ii) provide, in pertinent part, that a magistrate "[m]ay issue a final [PSO] to protect the petitioner if the court finds by a *preponderance of the evidence* that: . . . [t]he respondent has committed an act specified in [West Virginia Code § 53-8-4(a)] against the petitioner; and . . . [t]he petitioner has a reasonable apprehension of continued unwanted or unwelcome contacts by the respondent[.]" (emphasis added). The acts specified in West Virginia Code § 53-8-4(a)(3) include, among other things, making "repeated credible threats of bodily injury when the person making the threats knows or has reason to know that the threats cause another person to reasonably fear for his or her safety." Here, the court heard sufficient evidence to find, by a preponderance of the evidence, that the petitioner had committed an act under West Virgina Code § 53-8-4(a)(3) by stalking J.B.—a type of contact that was unwelcomed by J.B.— and that this continued conduct caused J.B. to be in reasonable fear for her safety. The petitioner argues that these findings must be proven by clear and convincing evidence, but her argument is directly contradicted by the controlling statute which instead requires proof by a preponderance of the evidence. As we have explained, the preponderance of the evidence standard "is defined as that degree of evidence that is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows the fact to be proved to be more probable than not." *Frazier v. Gaither*, 248 W. Va. 420, 425, 888 S.E.2d 920, 925 (2023) (internal quotations and citations omitted). This Court has further clarified that the preponderance of the evidence standard is *less than* a clear and convincing evidence standard. *See In re F.S.*, 233 W. Va. 538, 546, 759 S.E.2d 769, 777 (2014). To the extent that the petitioner argues that the respondent's evidence was not "authentic," the fact that the circuit court did not rule in the petitioner's favor does not demonstrate that the circuit court did not properly consider the credibility of such evidence, and this Court will not reweigh the evidence or disturb the circuit court's credibility determinations. *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."). Therefore, we conclude that the circuit court did not err in denying the petitioner's Rule 59(e) motion.

For the forgoing reasons, we affirm the circuit court's November 22, 2024, order.

Affirmed.

**ISSUED:** June 24, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan