IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2015 Term

**FILED**

October 7, 2015

**released at 3:00 p.m.**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

No. 14-0849

JOHN TERRY MALONE,
Plaintiff Below, Petitioner

v.

POTOMAC HIGHLANDS AIRPORT AUTHORITY,
a public corporation,
Defendant Below, Respondent

Appeal from the Circuit Court of Mineral County
The Honorable Philip Jordan, Judge
Civil Action No. 13-C-63

AFFIRMED

Submitted:  September 22, 2015
Filed:  October 7, 2015

Harry A. Smith, III, Esq.                          Ramon Rozas, III, Esq.
McNeer, Highland, McMunn                      Friend & Rozas, LLC
and Varner, L. C.                                       Cumberland, Maryland
Elkins, West Virginia                                Attorney for Respondent
Attorney for Petitioner

CHIEF JUSTICE WORKMAN delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      "A motion to amend or alter judgment, even though it is incorrectly denominated as a motion to 'reconsider', 'vacate', 'set aside', or 'reargue' is a Rule 59(e) motion if filed and served within ten days of entry of judgment."  Syl. Pt. 1, *Lieving v. Hadley*, 188 W. Va. 197, 423 S.E.2d 600 (1992) *abrogated on other grounds by Walker v. Doe*, 210 W. Va. 490, 558 S.E.2d 290 (2001).


2.      "When a party filing a motion for reconsideration does not indicate under which West Virginia Rule of Civil Procedure it is filing the motion, the motion will be considered to be either a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment order.  If the motion is filed within ten days of the circuit court's entry of judgment, the motion is treated as a motion to alter or amend under Rule 59(e).  If the motion is filed outside the ten-day limit, it can only be addressed under Rule 60(b)."  Syl. Pt. 2, *Powderidge Unit Owners Ass'n v. Highland Properties, Ltd.*, 196 W. Va. 692, 474 S.E.2d 872 (1996).


3.      A "motion to reconsider" is not recognized under our Rules of Civil Procedure.  When motions seek relief afforded by the Rules of Civil Procedure, such motions should expressly identify the Rule of Civil Procedure under which relief is sought and should be captioned accordingly.  The filing of motions which fail to identify

the Rule of Civil Procedure or other legal authority providing the right to relief may serve as grounds for summary denial.

4.      "The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed."  Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998).

5.      "'Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.' Syllabus point 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995)."  Syl. Pt. 1, *Longwell v. Bd. of Educ. of the Cnty. of Marshall*, 213 W.Va. 486, 583 S.E.2d 109 (2003).

6.      "'The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)."  Syl. Pt. 3, *Chapman v. Kane Transfer Co.,* 160 W. Va. 530, 236 S.E.2d 207 (1977).

7.      "The Court takes the pleadings and record as it finds them and the adversarial process makes it incumbent on the parties to plead the causes of action and

present the requisite evidence necessary to maintain viability of their case. Courts cannot concoct or resurrect arguments neither made nor advanced by the parties." Syl. Pt. 13, *W. Va. Reg'l Jail & Corr. Facility Auth. v. A. B.*, 234 W. Va. 492, 766 S.E.2d 751 (2014).

WORKMAN, Chief Justice:

Petitioner John Terry Malone (hereinafter "petitioner") appeals the Circuit Court of Mineral County's July 28, 2014, order denying his "Motion for Reconsideration" of the circuit court's dismissal of his case pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. In his complaint, petitioner alleges that respondent Potomac Highlands Airport Authority (hereinafter "PHAA") wrongfully banned him from the Greater Cumberland Regional Airport (hereinafter the "GCRA"), which banishment interfered with his ability to engage in employment as a pilot.

Based upon our review of the briefs, legal authorities, appendix record, and upon consideration of arguments of counsel, this Court finds that petitioner's complaint fails to state a claim with sufficient clarity to satisfy even our liberal notice pleading standards. Accordingly, we affirm the circuit court's dismissal of the subject complaint.

## I.     FACTS AND PROCEDURAL HISTORY

Petitioner is a pilot, former part-time manager of the GCRA, and former Board member of the PHAA. The GCRA is operated by PHAA, a federally-created public corporation existing for the purpose of operating the GCRA (formerly known as the Cumberland Municipal Airport) located in Mineral County, West Virginia and which

1

services areas of West Virginia and Maryland.[1] On March 28, 2013, the PHAA's attorney wrote to petitioner advising him that he was "barred from entering the property of the Authority, including the airport terminal and grounds" and that entering the premises without the "express written permission" from the PHAA would be considered trespassing. The letter gave no explanation for why petitioner was being barred and also requested that he return his keys to the GCRA. Petitioner retained counsel who requested the "specific reason" petitioner was barred and indicated that all keys had been returned, save one hangar key that he could not locate. The PHAA's attorney responded on May 8, 2013, stating only that

> [t]he Board was concerned about complaints it has received from tenants regarding Mr. Malone's actions, as well as interactions that have occurred between PHAA personnel and Mr. Malone. The Board's concern, as always, is the safe, efficient and appropriate operation of the Airport and this action was taken in line with that concern.

The letter further indicated, however, that if petitioner had a "legitimate business or personal reason to be on Airport grounds, he is welcome to request prior written

---

[1] The PHAA Compact was congressionally approved by Public Law 105-348, November 2, 1998. The Compact authorizes creation of PHAA and grants it the "power and authority . . . [t]o make and adopt all necessary . . . rules[] and regulations for its . . . operations not inconsistent with law." Pub. Law 105-348, Sec. 6(1), "Powers." It likewise permits PHAA to "take all legal actions necessary or desirable in relation to the general operation . . . management, and protection" of the airport. *Id*. at Sec. 6(2).

permission to be present on a specific date or time and the Board would certainly consider the same."[2]

Petitioner filed suit alleging that the PHAA had "no legitimate basis" to bar him, that he was "entitled to have access . . . as any citizen would, and [PHAA's] denial of such access is wrongful[.]" Petitioner's complaint alleged a loss of income as a result of his inability to access the airport premises and sought injunctive relief. In response, PHAA filed an answer and counter-claim for conversion for petitioner's alleged failure to return all the keys. PHAA also filed a motion to dismiss pursuant to West Virginia Rule of Civil Procedure 12(b)(6) asserting that petitioner's complaint failed to state a claim upon which relief could be granted.

A hearing on the preliminary injunction was held on August 5, 2013. After hearing testimony from petitioner,[3] the circuit court found that, given that petitioner had not utilized the airport for several months before he was barred from the premises and

---

[2] According to PHAA, the GCRA hosted no federally regulated commercial passenger flights.

[3] Petitioner testified to various potential employment opportunities as a pilot which were scuttled because he had been banned from the airport. Petitioner testified that as additional "occupations," he owned real estate and a printing company. On cross examination it appeared that none of these potential deals had developed beyond the conceptual stage; petitioner suggested that was because once he learned he was banned from the airport, he did not pursue them further to protect his reputation. Petitioner also testified that being banned hampered his efforts to obtain flying hours necessary to maintain his licensure.

3

that other nearby airports were equally available to him, no irreparable harm would likely occur and denied the injunction.

More importantly for purposes of this appeal, the court thereafter entertained argument on PHAA's motion to dismiss. PHAA argued that it had the discretion to ban persons from its premises "for any reason the Board feels is appropriate." Petitioner countered that as a publicly funded corporation, the PHAA could not "arbitrarily" ban him, but that there was "no law that [he could] ascertain on the subject[.]" At no time during the hearing was a specific rationale for petitioner's banishment adduced, nor is any such information contained elsewhere in the appendix record aside from the explanation in counsel's May 8, 2013, letter. The circuit court found that PHAA had the discretion to bar "disruptive" persons and granted PHAA's motion to dismiss by order dated September 3, 2013.

Nine days later, on September 12, 2013, petitioner filed a "Motion for Reconsideration and Rehearing" purportedly pursuant to West Virginia Rule of Civil Procedure 59(a), rehashing his previous arguments that "public accountability" precluded the PHAA from "arbitrarily" banning him from the premises and that his argument that he could not be banned was "facially more compelling" than PHAA's contention that it could ban him for any reason. Petitioner further argued that since the circuit court accepted a copy of Public Law 105-348 regarding the creation and power of the PHAA into evidence during the injunctive hearing, it had considered matters "outside of the

4

pleadings." As such, petitioner argued that the circuit court should have treated the motion as one for summary judgment pursuant to Rule 56 of the West Virginia Rules of Civil Procedure and therefore further factual development and discovery was necessary. The circuit court summarily denied the motion on July 28, 2014.

## II. STANDARD OF REVIEW

This matter is on appeal from the circuit court's denial of petitioner's "Motion for Reconsideration and Rehearing." This Court has held that "[a] motion to amend or alter judgment, even though it is incorrectly denominated as a motion to 'reconsider', 'vacate', 'set aside', or 'reargue' is a Rule 59(e) motion if filed and served within ten days of entry of judgment." Syl. Pt. 1, *Lieving v. Hadley*, 188 W. Va. 197, 198-99, 423 S.E.2d 600, 601-02 (1992) *abrogated on other grounds by Walker v. Doe*, 210 W. Va. 490, 558 S.E.2d 290 (2001). More fully stated,

> [w]hen a party filing a motion for reconsideration does not indicate under which West Virginia Rule of Civil Procedure it is filing the motion, the motion will be considered to be either a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment order. If the motion is filed within ten days of the circuit court's entry of judgment, the motion is treated as a motion to alter or amend under Rule 59(e). If the motion is filed outside the ten-day limit, it can only be addressed under Rule 60(b).

Syl. Pt. 2, *Powderidge Unit Owners Ass'n v. Highland Properties, Ltd*., 196 W. Va. 692, 474 S.E.2d 872 (1996); *see also Savage v. Booth*, 196 W. Va. 65, 68, 468 S.E.2d 318, 321 (1996) ("If a motion [for reconsideration] is filed within ten days of judgment, the motion is treated as a motion to alter or amend judgment under Rule 59(e). Alternatively

5

if it is filed more than ten days after entry of judgment, we look to Rule 60(b) to provide the basis for analysis of the review.").

We note that although petitioner captioned his motion as one for "reconsideration and rehearing," he did reference West Virginia Rule of Civil Procedure 59(a) in the body of his motion. However, subsection (a) of Rule 59 is plainly inapplicable as it provides for relief from judgments which have been entered as a result of trial: "A *new* trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a *trial by jury* . . . and (2) in an action *tried without a jury* . . . ." (emphasis added). Inasmuch as petitioner's "Motion for Reconsideration and Rehearing" was filed within ten days of the circuit court's order dismissing the action, in accord with our historical practice, the Court will treat this appeal as arising from the circuit court's denial of a motion filed pursuant to Rule 59(e), which provides for the alteration or amendment of a judgment.[4]

However, we pause in our analysis briefly to comment upon the apparently predominant practice of haphazardly and imprecisely characterizing an attempt to obtain relief from a judgment under our Rules of Civil Procedure. This Court has repeatedly emphasized that a "motion to reconsider" is a fiction which does not exist under our Rules of Procedure; nevertheless, practitioners continue to file motions captioned as such.

---

[4]Rule 59(e) provides simply: "Any motion to alter or amend the judgment shall be filed not later than 10 days after entry of the judgment." W. Va. R. C. P.

6

As we observed many years ago, "[t]he reason for this may be partially our fault because we continue to treat a 'motion to reconsider' as either a motion to alter or amend judgment . . . or a motion for relief from judgment[.]" *Richardson v. Kennedy*, 197 W. Va. 326, 329-30, 475 S.E.2d 418, 421-22 (1996). We continue to recognize, in fairness, that this lack of precision in procedural practice is one which this Court has seemingly countenanced for greater than twenty years.[5] However, seldom in our jurisprudence has this Court seen fit to do the work of practitioners for them with such regularity, correcting a blatant legal error and going so far as to create precedent which forgives, as a matter of law, the failure to properly denominate a critical procedural motion. Irrespective of this construct that attempts to properly categorize such rogue motions, the failure to accurately identify the Rule of Procedure under which a party seeks relief unnecessarily burdens both lower and appellate courts with untangling the nature of the relief sought and, more importantly, obfuscates the proper analysis to be employed to ascertain if relief is warranted. *See Mey v. Pep Boys—Manny, Moe & Jack*, 228 W. Va. 48, 56-7, 717 S.E.2d 235, 243-44 (2011) (discussing proper analysis of Rule 59(e) and 60(b) motions).

---

[5] We note further that this practice emanated from and continues to be utilized by the Federal courts and other states: "The universal rule is that, regardless of its label, any motion made within ten days of entry of judgment which seeks a substantive change in the judgment will be considered a Fed. R. Civ. P. 59(e) motion." *Maxus Energy Corp. & Subsidiaries v. U. S.,* 31 F.3d 1135, 1139 (Fed. Cir. 1994); *see also* 6A James W. Moore et al., *Moore's Federal Practice,* ¶ 59.12[1], at 59–265 (2d ed. 1994).

We are loath to allow this practice to continue unabated, yet are mindful of the Court's long-standing tolerance of this practice, which was developed as a matter of lenity and an effort to render justice. We note that we are not the only court to grow weary of practitioners who are content to avail themselves of the court's indulgence in this regard and continue to refuse to properly identify the source of the relief requested.[6] Therefore, while we decline at this juncture to expressly overrule our precedent permitting the Court to re-categorize motions to reconsider, we again reiterate to practitioners that a "motion to reconsider" is not recognized under our Rules of Civil Procedure. When motions seek relief afforded by the Rules of Civil Procedure, such motions should expressly identify the Rule of Civil Procedure under which relief is

---

[6] The Supreme Court of Utah has repudiated its long-standing practice of similarly re-nominating so-called "motions to reconsider":

> We are now persuaded that it is time this practice comes to an end. In our system, the rules provide the source of available relief. They "[are] designed to provide a pattern of regularity of procedure which the parties and the courts [can] follow and rely upon." *Drury v. Lunceford,* 18 Utah 2d 74, 415 P.2d 662, 663 (1966). Accordingly, the form of a motion does matter because it directs the court and litigants to the specific, and available, relief sought. *See* Utah R. Civ. P. 7(b) ("A motion shall be in writing and state succinctly and with particularity the relief sought and the grounds for the relief sought."). Hereafter, when a party seeks relief from a judgment, it must turn to the rules to determine whether relief exists, and if so, direct the court to the specific relief available. Parties can no longer leave this task to the court by filing so-called motions to reconsider and relying upon district courts to construe the motions within the rules.

*Gillett v. Price*, 135 P.3d 861, 863 (Utah 2006).

sought and should be captioned accordingly. The filing of motions which fail to identify the Rule of Civil Procedure or other legal authority providing the right to relief may serve as grounds for summary denial. We trust that this admonition will yield the extinction of the so-called "motion to reconsider," such that this Court is no longer called upon to utilize the methodologies set forth in *Lieving* and *Powderidge*.

That said and in view of our reticence to drastically alter our precedent, we proceed with our review of this matter as an appeal from a motion filed pursuant to Rule 59(e).[7] As such, this Court has held that

> [t]he standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed.

Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998). In this case, the "underlying judgment" is the circuit court's grant of PHAA's motion to dismiss. As is well-established, "'[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.' Syllabus point 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995)." Syl. Pt. 1, *Longwell v. Bd. of Educ. of the Cty. of Marshall*, 213 W.Va. 486, 583 S.E.2d

---

[7] We note that petitioner's incorrect reference to Rule 59(a) likely gave rise to respondent's equally erroneous contention that this Court must review this matter under an abuse of discretion standard. Our standard of review is *de novo*. *See infra*.

109 (2003). With this standard of review in mind, we proceed to the substance of petitioner's appeal.

## III. DISCUSSION

Petitioner asserts that the circuit court erred in concluding that he failed to state a viable cause of action sufficient to survive a motion pursuant to Rule 12(b)(6) of our Rules of Civil Procedure. Without question, our law on Rule 12(b)(6) is very liberal. This Court has held that such motions to dismiss should be granted only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Syl. Pt. 3, in part, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977).

However, despite this liberal standard, the Court has made equally clear that complaints must minimally place a defendant on notice of the claim against it. West Virginia Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" In that regard, the Court has explained that "Rule 8 of the Rules of Civil Procedure requires clarity but not detail." *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 776, 461 S.E.2d 516, 522 (1995). Moreover, we have observed that "[t]he primary purpose of these provisions is rooted in fair notice. Under Rule 8, a complaint must be intelligibly sufficient for a circuit court or an opposing party to understand whether a valid claim is alleged and, if so, *what it is*." *Id*. (emphasis added). We have cautioned further that "a

10

plaintiff may not 'fumble around searching for a meritorious claim within the elastic boundaries of a barebones complaint[.]'" *Id*. (quoting *Chaveriat v. Williams Pipe Line Co*., 11 F.3d 1420, 1430 (7th Cir. 1993)).

Critically, even liberal notice pleading requirements "do[] not justify a carelessly drafted or baseless pleading." *Sticklen v. Kittle*, 168 W. Va. 147, 157-58, 287 S.E.2d 148, 164 (1981). The Court has noted that "the plaintiff's attorney must know every essential element of his cause of action and must state it in the complaint." *Id*. (quoting Lugar and Silverstein, *West Virginia Rules of Civil Procedure* at 75 (1960)). The Court has further agreed that

> more detail often is required than *the bald statement by plaintiff that he has a valid claim of some type against defendant*. Moreover, if the allegations in the complaint, taken as true, do not effectively state a claim, the added assertion by plaintiff that they do state a claim will not save the complaint.

*Id*. at n.12 (emphasis added); *see also Roth v. DeFelicecare, Inc*., 226 W. Va. 214, 226, 700 S.E.2d 183, 195 (2010) (Benjamin, J., dissenting) ("[T]he consideration before us [on appeal of an order granting dismissal pursuant to Rule 12(b)(6)] . . . is whether all of these allegations adequately give notice of a claim for which our legal system may grant relief.").

This case presents precisely the type of deficient complaint described in *Sticklen*. Although typically this Court is confronted with Rule 12(b)(6) motions which were granted based on factually deficient complaints or complaints which omit essential

11

elements of a cause of action, petitioner's complaint suffers from the absence of identity of a cause of action in the first instance—making it impossible to know if all the elements have been pled. Petitioner appears to tacitly concede that he does not know the legal basis for his cause of action,[8] simply that he has one. "[A]lthough the plaintiff enjoys the benefit of all inferences that plausibly can be drawn from the pleadings, a party's legal conclusions, opinions, or unwarranted averments of fact will not be deemed admitted." *Kopelman & Associates, L.C. v. Collins*, 196 W. Va. 489, 493, 473 S.E.2d 910, 914 (1996).

All of petitioner's arguments and written filings merely insist that the PHAA cannot ban him from the premises, but fail to identify any *legal authority* which prohibits it from doing so and why such prohibition is applicable to and actionable by him. Importantly, despite multiple opportunities, petitioner has asserted no civil rights violation, constitutional deprivation, discriminatory act, or identified an unlawful rule or regulation which prohibits PHAA's actions and pursuant to which he is entitled to relief.[9]

---

[8] On this point, petitioner's brief states that "there is an apparent dearth of precedent directly on point."

[9] In support of petitioner's contention that PHAA cannot ban him from its premises, he cites three cases which he claims stand for the proposition that "West Virginia law clearly imposes restraints on the power of a public corporation." While that indeed may be the case, the authorities cited by petitioner contain a particularized, constitutionally-based challenge to the defendant's actions. *See Jones v. W. Va. State Bd. of Educ.*, 218 W. Va. 52, 622 S.E.2d 289 (2005) (asserting equal protection violation arising out of exclusion of home-schooled children from interscholastic athletics); *W. Va. Citizens Action Group v. Daley*, 174 W. Va. 299, 324 S.E.2d 713 (1984) (challenging (continued . . .)

12

In absence of an identification of the legal authority underlying his claim for relief and thereby the nature of his claim, PHAA cannot defend itself.

We are careful to note, however, that our conclusion regarding the sufficiency of petitioner's complaint must not be interpreted as concluding that the facts underlying his complaint are in no way actionable or cannot form the basis of a valid legal claim. Rather, our decision is based upon the well-understood premise that it is not the role of this Court to ferret through facts and conjure a cause of action which may provide petitioner with relief. As this Court recently held:

> The Court takes the pleadings and record as it finds them and *the adversarial process makes it incumbent on the parties to plead the causes of action* and present the requisite evidence *necessary to maintain viability of their case.* Courts cannot concoct or resurrect arguments neither made nor advanced by the parties.

Syl. Pt. 13, *W. Va. Reg'l Jail & Corr. Facility Auth. v. A. B.*, 234 W. Va. 492, 766 S.E.2d 751 (2014) (emphasis added).

---

ordinance on basis of unconstitutional vagueness and overbreadth); *Woodruff v. Bd. Of Trustees of Cabell Huntington Hosp*, 173 W. Va. 604, 319 S.E.2d 372 (1984) (asserting state and federal constitutional violation of free speech rights).

Despite multiple opportunities, petitioner has *never* asserted a constitutional deprivation occasioned by PHAA's actions, even assuming such a claim could be made. *See Hannemann v. Southern Door Cty. Sch. Dist.*, 673 F.3d 746, 757 (7th Cir. 2012) ("The right to intrastate travel protects the right to move from place to place, not the right to access certain public places."); *Williams v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008) ("[I]t would distort the right to free travel beyond recognition to construe it as providing a substantive right to . . . gain admittance to a *specific* government building.") (emphasis added).

13

Therefore, we find that petitioner has failed to sufficiently identify and plead the legal basis of his cause of action and has failed to adequately state a claim sufficient to survive dismissal pursuant to West Virginia Rule of Civil Procedure 12(b)(6).[10]

## IV. CONCLUSION

Accordingly, the July 28, 2014, order of the Circuit Court of Mineral County is hereby affirmed.

Affirmed.

---

[10] Petitioner asserts a second assignment of error arguing that the circuit court should have treated the motion to dismiss as one for summary judgment given that it "relied on" Public Law 105-348 and petitioner's testimony given during the injunctive hearing. Petitioner argues that under Rule 56, he should have been provided with an opportunity for further discovery. However, there is no indication whatsoever in the transcript or order that the circuit court based its ruling in any way on Public Law 105-348 or petitioner's testimony elicited in support of his requested injunctive relief.