**STATE OF WEST VIRGINIA**

**FILED**

**May 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Christopher Brent Lilly and Lisa G. Lilly,**
**Plaintiffs Below, Petitioners**

**vs.)  No. 19-1134** (Harrison County 16-C-452-3)

**The Huntington National Bank,**
**Defendant Below, Respondent**

### MEMORANDUM DECISION

Petitioners Christopher Brent Lilly and Lisa G. Lilly, self-represented litigants, appeal the Circuit Court of Harrison County's November 13, 2019, order granting summary judgment to respondent on petitioners' breach of contract and West Virginia Consumer Credit and Protection Act claims, which were related to respondent's servicing of petitioners' home mortgage loan.[1] Respondent The Huntington National Bank, by counsel Jason E. Manning and Elizabeth S. Flowers, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners executed a note in favor of respondent in the principal amount of $55,500 on December 15, 2006. The note was secured by a deed of trust on petitioners' property. In May of 2009, petitioners defaulted on the loan. Petitioners made some subsequent payments, and respondent worked with petitioners in an effort to help them retain the property, but petitioners' last payment to respondent was made in August of 2016. Petitioners' loan was, accordingly, referred to foreclosure and scheduled for a foreclosure sale.

Petitioners sued respondent in December of 2016 to stop the foreclosure sale. Petitioners alleged that respondent, who was the current servicer of petitioner's home mortgage, made various misrepresentations, misapplied payments made by petitioners, and failed to provide information

---

[1] Petitioners' brief was filed by attorney Gregory H. Schillace. Following the filing of the brief, this Court granted Mr. Schillace's motion to withdraw as counsel by order entered on June 29, 2020.

regarding reinstatement. Petitioners asserted causes of action for breach of contract and for violations of the West Virginia Consumer Credit and Protection Act ("CCPA").[2]

Specifically, petitioners' complaint asserted three causes of action. In their breach of contract claim contained in Count I, petitioners alleged that the deed of trust set forth that payments were to be applied in a certain order of priority, which respondent allegedly breached by applying an August 5, 2016, payment to "escrow advance" without first applying the payment to interest and principal. Additionally, the deed of trust provided that the borrowers were entitled to reinstate the loan prior to foreclosure, but respondent allegedly interfered with that ability by refusing to provide a reinstatement amount.

Count II set forth a cause of action under the CCPA for illegal debt collection practices. Petitioners asserted that respondent, "[a]s herein alleged, . . . made fraudulent, deceptive, or misleading representations as a means to collect or attempt to collect or to obtain information concerning [petitioners] in the course of its pursuit of foreclosure of [petitioners'] home in violation of section 46A-2-127 of the West Virginia Code" and, "[a]s herein alleged, . . . used unfair or unconscionable means in an effort to collect a debt." "As herein alleged" was a reference to five misrepresentations set forth in petitioners' complaint. First, respondent allegedly misrepresented that petitioners should not make payments by instructing them "not to pay February and March [2016] payments, but instead to pay approximately $477.00 to cover the April payment." Second, petitioners allegedly called respondent in August of 2016 to make a payment and were told that their account showed no payments had been made since January of 2016 and that their account was in foreclosure. Third, respondent allegedly misrepresented that petitioners would be required to pay court costs and attorney's fees. Fourth, respondent allegedly misrepresented in October of 2016 that petitioners "would be reviewed for loss mitigation" despite knowing "that a foreclosure sale date had been scheduled for October 19, 2016." Fifth, respondent allegedly misrepresented that petitioners were "[o]bligated to pay unauthorized fees on at least twenty-four (24) occasions." The twenty-four dates on which the alleged misrepresentations occurred, ranging from January of 2015 through October of 2016, were specified in the complaint.

Lastly, in Count III, alleging illegal fees under the CCPA, petitioners asserted that "[o]n information and belief, [respondent] misrepresented and attempted to collect attorney['s] fees," "misrepresented and collected or attempted to collect default charges or collection expenses," and "[o]n information and belief . . . assessed [petitioners] fees and charges not authorized by law."

Respondent moved for summary judgment in September of 2019. Respondent asserted that, in the nearly three years the suit had been pending, petitioners had failed to produce any evidence, documents, testimony, or other support for their claims, and they had otherwise failed to pursue their claims. Additionally, respondent argued that the evidence that had been produced (by respondent) proved that petitioners' claims failed as a matter of law.

---

[2] Petitioners were represented by a different attorney at the time of the filing of their complaint. Due to a breakdown in the attorney-client relationship in early 2019, that attorney withdrew as counsel. Mr. Schillace then began his representation of petitioners, which continued until this Court granted his motion to withdraw.

In response to the motion for summary judgment, petitioners argued that the principal due on the note had been reduced by $25,596.85 during their 2011 Chapter 13 bankruptcy. Petitioners argued that respondent failed to account for this reduction in informing petitioners of the balance due under the note, thereby violating the CCPA's prohibition on making false representations concerning the character, extent, or amount of a claim. *See* W. Va. Code § 46A-2-127. Petitioners also asserted that, due to the discharge they obtained in their 2011 bankruptcy, no deficiency judgment could be sought from them, but respondent allegedly falsely informed them that a deficiency judgment, in fact, could be obtained.

Respondent replied, observing that petitioners failed to address any of the grounds it raised in support of its motion, which failure was fatal to their claims. Respondent further argued that petitioners were barred from asserting any new claims at this late stage; accordingly, their bankruptcy arguments failed to create any genuine issues of material fact. Nevertheless, respondent addressed the substance of petitioners' bankruptcy arguments, stating that petitioners were mistaken in claiming that the payments made during their bankruptcy were applied only to the principal balance, without payment of any interest or escrow. Respondent also stated that petitioners' Chapter 13 bankruptcy plan did not modify their loan contract, and their discharge applied only to unsecured claims, not their mortgage debt.

On November 13, 2019, the circuit court granted respondent's motion for summary judgment. The court found that petitioners had defaulted on their mortgage and had not made a payment in more than three years. Additionally, petitioners failed to produce any evidence or other support for the breach of contract and CCPA claims raised in their complaint, nor did they address any of the arguments raised by respondent in support of its motion. Instead, petitioners argued a new theory concerning alleged misrepresentations stemming from their bankruptcy discharge. The court found that petitioners' failure to address respondent's properly supported motion amounted to a concession of the points raised by respondent. Moreover, the court found that petitioners had not moved to amend their complaint; therefore, petitioners' assertions regarding alleged misrepresentations related to their bankruptcy were untimely and not properly before the court. It is from this order that petitioners appeal.

In their lone assignment of error, petitioners argue that the circuit court erred in granting respondent summary judgment because they showed that genuine issues of material fact exist. Petitioners dispute that they failed to address respondent's arguments in their response to respondent's motion for summary judgment, claiming that they identified and addressed misrepresentations made regarding the balance due on their loan and respondent's ability to collect on the loan following petitioners' bankruptcy hardship discharge. They further argue that they pled in their complaint that respondent made misrepresentations. Therefore, petitioners assert that a question of fact remains, and the court failed to consider all factual issues in the light most favorable to petitioners.

We review de novo a circuit court's entry of summary judgment. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

Before this Court, petitioners continue to advance their unpled bankruptcy arguments and continue to avoid addressing the substance of respondent's arguments in support of its motion for

3

summary judgment. Although petitioners emphasize that "[m]isrepresentation and illegal debt collection are specifically plead [sic] in the [petitioners'] complaint," the paragraphs of the complaint they identify to support this assertion pertain to their breach of contract claim alleging that respondent applied an August of 2016 payment in the incorrect order of priority and to the paragraphs alleging that respondent, "as herein alleged, . . . made fraudulent, deceptive, or misleading representations" and, "as herein alleged, . . . used unfair or unconscionable means . . . to collect a debt." In other words, their argument ignores the specific factual scenarios pled to support these causes of action that had nothing to do with their claimed 2011 bankruptcy and associated hardship discharge and were, instead, related to respondent's alleged "pursuit of foreclosure of [petitioners'] home."[3] Therefore, petitioners continue to fail to demonstrate that a genuine issue of material fact exists with respect to the causes of action they asserted in their complaint.

We affirmed a circuit court's grant of summary judgment in *Skidmore v. City of Summersville*, No. 17-0943, 2018 WL 6015820 (W. Va. Nov. 16, 2018)(memorandum decision), where a plaintiff attempted to argue an unpled claim in response to the defendant's motion. There, the plaintiff alleged that the defendants terminated her employment in violation of the Pregnant Workers Fairness Act and that she was entitled to her attorney's fees and costs under the West Virginia Human Rights Act.[4] *Id.* at *1. The defendants moved for summary judgment on the plaintiff's Pregnant Workers Fairness Act claim. *Id.* at *2. In response, the plaintiff did not dispute that the defendants did not violate the Pregnant Workers Fairness Act; instead, she argued that the facts proved a pregnancy discrimination case under the West Virginia Human Rights Act. *Id.* The circuit court rejected the plaintiff's argument, finding that her reference to the West Virginia Human Rights Act related solely to her claim for attorney's fees and costs under the Pregnant Workers Fairness Act, *id.* at *1 n.1, and that she failed "to clearly assert a violation of the West Virginia Human Rights Act to place [the defendants] on notice of the need to defend that claim." *Id.* at *2. Therefore, the circuit court granted the defendants' motion for summary judgment. *Id.* at *2.

---

[3] Relatedly, petitioners' arguments continue to ignore the evidence produced by respondent demonstrating that the August 2016 payment was not applied in the incorrect order of priority and that petitioners' claims that respondent made the misrepresentations detailed in their complaint likewise lack merit. As a result, petitioners have also failed to satisfy the burden of production that shifted to them after respondent made its properly supported motion for summary judgment showing no genuine issue of material fact. *See* Syl. Pt. 3, *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995) (setting forth that, upon the filing of "a properly supported motion for summary judgment" showing that there is no genuine issue of material fact, the burden shifts to the nonmoving party to "rehabilitate the evidence attacked by the moving party," "produce additional evidence showing the existence of a genuine issue," or "submit an affidavit explaining why further discovery is necessary").

[4] In short, the Pregnant Workers Fairness Act provides that the same remedies available under the West Virginia Human Rights Act, including attorney's fees and costs, are available under the Pregnant Workers Fairness Act. *See Skidmore*, 2018 WL 6015820 at *1 n.1 (citations omitted).

4

We affirmed. *Id.* at *3. We noted that we have "made clear that 'complaints must minimally place a defendant on notice of the claim against it.'" *Id.* (*citing Malone v. Potomac Highlands Airport Auth.*, 237 W. Va. 235, 240, 786 S.E.2d 594, 599 (2015)). And, "a complaint must be intelligibly sufficient for a circuit court or an opposing party to understand whether a valid claim is alleged and, if so, what it is." *Id.* at *2 (citation omitted). "[A] plaintiff may not 'fumble around searching for a meritorious claim within the elastic boundaries of a barebones complaint[.]" *Id.* at *3 (citations omitted). Although the plaintiff's complaint clearly alleged a violation of the Pregnant Workers Fairness Act, we found that her "clumsy argument that her complaint also alleged, in the alternative, a violation of the West Virginia Human Rights Act is not compelling even under a liberal construction of the language of complaint." *Id.*

Here, just as in *Skidmore*, petitioners' complaint cannot be read to include any alleged illegal debt collection or misrepresentations stemming from their 2011 bankruptcy. Their complaint details with specificity the illegal debt collection and misrepresentations that respondent allegedly made, and none of the specifics align with the alleged illegal debt collection and misrepresentations petitioners now claim occurred. Accordingly, the court did not err in granting respondent summary judgment on petitioners' claims. *See* W. Va. R. Civ. P. 56(c) ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.").

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton