**FILED**
**January 18, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Jessica Tennille Limer,
**Plaintiff Below, Petitioner**

**vs.)  No. 21-1030** (Raleigh County 19-C-312)

**Raleigh County Community Action**
**Association,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jessica Tennille Limer appeals the circuit court's December 2, 2021, order denying her motion for relief from the court's October 26, 2021, order granting summary judgment in respondent's favor on petitioner's claims for wrongful termination and intentional infliction of emotional distress.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. Proc. 21.

Respondent is an organization that, through federal grants and private donations, provides services to Raleigh County, West Virginia, residents, including children, aimed at attaining self-sufficiency.[2] In January of 2018, petitioner was employed as respondent's housing director when a coworker, respondent's executive director, informed petitioner that allegations of child abuse and neglect had been levied against her (the coworker). Knowing that petitioner was an approved foster parent, the coworker requested that petitioner take custody of her children, which petitioner did. Respondent remained unaware of the ensuing abuse and neglect proceeding until the West Virginia Department of Health and Human Services contacted respondent and informed it that the allegations had been substantiated. As a result, the coworker was no longer eligible for employment by respondent, and respondent terminated the coworker's employment. Following an internal investigation that revealed petitioner's knowledge of but failure to report the abuse and neglect allegations, respondent also terminated petitioner's employment. *See* W. Va. Code § 49-2-803 (outlining reporting requirements for individuals mandated to report suspected child abuse and neglect).

---

[1] Petitioner appears by counsel David A. Kirkpatrick, and respondent appears by counsel Kevin J. Robinson and Chip E. Williams.

[2] For example, respondent maintains a homeless shelter, provides a head start program, and offers housing, transportation, and mentoring services.

1

Petitioner sued respondent, claiming wrongful termination in violation of a substantial public policy[3] and intentional infliction of emotional distress. Following discovery, the circuit court granted summary judgment in favor of respondent. Petitioner filed a motion for relief from judgment under Rule 60(b) of the West Virginia Rules of Civil Procedure, which the court denied on December 2, 2021.[4] Petitioner filed her notice of appeal with this Court on December 23, 2021, and her case was perfected on April 4, 2022.

In her brief, petitioner asserts that she is appealing from both the circuit court's order granting respondent summary judgment and its order denying petitioner's motion for relief from judgment.[5] We consider first the appeal of the order granting respondent's motion for summary judgment. As noted above, that order was entered on October 26, 2021, and petitioner perfected her appeal on April 4, 2022. Under Rule 5(f) of the West Virginia Rules of Appellate Procedure, "[u]nless otherwise provided by law, an appeal must be perfected within four months of the date the judgment being appealed was entered [in the office of the circuit clerk,]" and West Virginia Code § 58-5-4 likewise requires, in part, that "[n]o petition shall be presented for an appeal from any judgment rendered more than four months before such petition is filed with the clerk of the court where the judgment being appealed was entered." "'A motion made pursuant to Rule 60(b), W.Va.R.C.P., does not toll the running of the appeal time . . . . Syl. Pt. 1, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974)." Syl. Pt. 1, *Law v. Monongahela Power Co.*, 210 W. Va. 549, 558 S.E.2d 349 (2001). Because petitioner's appeal from the court's summary judgment order was not perfected within the four-month window, it is not timely. We have said, "When presented with untimely appeals under *W.Va. Code*, 58-5-4 [], this Court has consistently held that the statute is jurisdictional and that failure to file a timely appeal presents a jurisdictional infirmity precluding the court from accepting the appeal." *W. Va. Dep't of Energy v. Hobet Mining & Constr. Co.*, 178 W. Va. 262, 264, 358 S.E.2d 823, 825 (1987) (citations omitted). Accordingly, this Court lacks jurisdiction to consider petitioner's appeal of the summary judgment order.

---

[3] Petitioner argued that once she started fostering the children, she was required to keep the information about the abuse and neglect proceeding confidential and that, therefore, a public policy existed in this state favoring the confidentiality of that information.

[4] Technically, petitioner filed a "Motion to Reconsider Order Granting Defendant's Motion for Summary Judgment," but "[a] 'motion to reconsider' is not recognized under our Rules of Civil Procedure." Syl. Pt. 3, in part, *Malone v. Potomac Highlands Airport Auth.*, 237 W. Va. 235, 786 S.E.2d 594 (2015). "When a party filing a motion for reconsideration does not indicate under which West Virginia Rule of Civil Procedure it is filing the motion, . . . [i]f the motion is filed outside the ten-day limit [for moving to alter or amend a judgment under Rule 59(e)], it can only be addressed under Rule 60(b)." Syl. Pt. 2, in part, *Powderidge Unit Owners Ass'n v. Highland Props., Ltd.*, 196 W. Va. 692, 474 S.E.2d 872 (1996). The circuit court, accordingly, properly construed petitioner's motion as one for relief from judgment under Rule 60(b).

[5] In her notice of appeal, petitioner lists the date of entry of judgment as December 2, 2021—the date on which the court denied relief under Rule 60(b). This Court's scheduling order consequently identifies the December 2, 2021, order as the final order from which petitioner "presented a timely and complete notice of appeal."

Only the circuit court's order denying petitioner relief under Rule 60(b) is properly before this Court, as the appeal of this order was timely perfected. We observe that "[a]n appeal of the denial of a Rule 60(b) motion . . . brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." *Toler*, 157 W. Va. at 784, 204 S.E.2d at 89. And our review of the court's order denying relief under Rule 60(b) is deferential. *Id.* at 778, 204 S.E.2d at 86, Syl. Pt. 5 ("A motion to vacate a judgment made pursuant to Rule 60(b), W.Va.R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion.").

In addressing petitioner's motion for relief from judgment, the circuit court found that petitioner was attempting to "relitigate determined issues" and that petitioner's "newly discovered evidence" was cumulative and not capable of changing its summary judgment ruling. Further, the court found that petitioner had failed to "cite any rule or case law in support of the request within the motion itself." On appeal, petitioner does not address the court's rulings at all. Rather, petitioner's eight assignments of error raise challenges exclusively to the court's summary judgment order. We have recognized that "Rule 60(b) motions which seek merely to relitigate legal issues heard at the underlying proceeding are without merit." *Powderidge*, 196 W. Va. at 705, 474 S.E.2d at 885. Additionally, "newly discovered evidence" "must be material, admissible, credible, *not merely cumulative or impeaching*, and likely to change the outcome upon retrial" to warrant setting aside a judgment. *Phillips v. Stear*, 236 W. Va. 702, 716, 783 S.E.2d 567, 581 (2016) (emphasis added) (quoting *Peacock v. Bd. of Sch. Comm'rs*, 721 F.2d 210, 213-14 (7th Cir. 1983)). We determine that the circuit court accurately evaluated petitioner's motion, and accordingly, we conclude that the court did not abuse its discretion by denying petitioner relief from its judgment.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 18, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice C. Haley Bunn

**DISQUALIFIED:**

Justice William R. Wooton