**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Geovoni Gail Jones,**
**Petitioner Below, Petitioner**

**vs.)  No. 22-0014** (Kanawha County 21-AA-43)

**State of West Virginia Board of Professional Surveyors,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

In March of 2021, Petitioner Geovoni "Bonny" Gail Jones submitted a complaint to Respondent the State of West Virginia Board of Professional Surveyors against George E. Piggott, a licensed land surveyor in West Virginia. In her complaint, Ms. Jones disputed the location of the property line between her property and her neighbors' property as it was determined by Mr. Piggott, claiming that Mr. Piggott purposely and wrongfully ascribed a portion of petitioner's property to petitioner's neighbor. Respondent ultimately dismissed the complaint, determining that "the allegations in the complaint appear to be a boundary dispute and are therefore outside the jurisdiction of the Board." Petitioner appealed respondent's decision to the Circuit Court of Kanawha County. By final order entered on December 6, 2021, the circuit court dismissed the appeal, concluding that petitioner lacked standing to appeal respondent's decision under West Virginia Code § 30-13A-24. By order entered on December 17, 2021, the circuit court denied petitioner's December 16, 2021, "motion to reconsider" the final order, in which she argued that West Virginia Code § 30-13A-24 was unconstitutional because it provides a right to appeal to a land surveyor but not to a complainant.[1]

Petitioner now appeals the decisions of the circuit court, asking that we reverse the circuit

---

[1] "A 'motion to reconsider' is not recognized under our Rules of Civil Procedure." Syl. Pt. 3, in part, *Malone v. Potomac Highlands Airport Auth.*, 237 W. Va. 235, 786 S.E.2d 594 (2015). "When a party filing a motion for reconsideration does not indicate under which West Virginia Rule of Civil Procedure it is filing the motion, . . . [i]f the motion is filed within ten days of the circuit court's entry of judgment, the motion is treated as a motion to alter or amend under Rule 59(e)." Syl. Pt. 2, in part, *Powderidge Unit Owners Ass'n v. Highland Props., Ltd.*, 196 W. Va. 692, 474 S.E.2d 872 (1996). Because petitioner's motion was filed within ten days of the entry of the final order, we treat the motion as a motion to alter or amend under Rule 59(e) of the West Virginia Rules of Civil Procedure.

court's final order.[2] Through two assignments of error, she argues that West Virginia Code § 30-13A-24 is unconstitutional because it does not provide her with the right to obtain judicial review of respondent's decision, including a hearing, while providing a land surveyor the right to appeal.[3] Because the issue on appeal is a question of law, our standard of review of the lower court's decision is de novo. *See* Syl. Pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996) ("On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va.Code § 29A–5–4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong."). Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. Proc. 21(c).

In West Virginia, "[i]t is unlawful for any person to practice or offer to practice surveying in this state without a license issued" by respondent. W. Va. Code § 30-13A-1(a). Respondent is the administrative agency imbued with the power, among other things, to set the requirements for a land surveyor to obtain a license; to issue, renew, deny, suspend, revoke or reinstate a license; to conduct a hearing upon charges calling for discipline of a licensee; and to discipline a licensee. *See* W. Va. Code § 30-13A-5 (listing respondent's powers and duties). When evaluating a complaint against a land surveyor, respondent's authority is limited to determining whether the land surveyor violated the laws or rules governing the practice of surveying and to administering appropriate disciplinary action. *See id.* The authority to resolve boundary line disputes and determine the accuracy or location of a boundary survey is not among respondent's enumerated powers. Respondent's complaint form advises complainants that its authority does not extend to resolving boundary disputes.

West Virginia Code § 30-13A-24 provides for judicial review of respondent's decisions, stating, in relevant part, "Any licensee or certificate holder[4] adversely affected by a decision of [respondent] entered after a hearing may obtain judicial review of the decision in accordance with [West Virginia Code § 29A-5-4] . . . ." *Id.* (footnote added). West Virginia Code § 29A-5-4(a) provides, "Any party adversely affected by a final order or decision in a contested case is entitled to judicial review thereof under this chapter . . . ." Both statutes require that, to have standing to appeal a decision rendered by respondent, a person must be "adversely affected" by that decision. Additionally, we have held that, to have standing, a party must have suffered an "injury-in-fact" that can likely be remedied through a court decision in the party's favor. *See* Syl. Pt. 5, *Findley v.*

---

[2] Petitioner appears by counsel LaVerne Sweeny. Respondent appears by counsel Patrick Morrisey and Joanne M. Vella.

[3] We note that the argument portion of petitioner's brief fails to comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which directs, "The brief must contain an argument . . . under headings that correspond with the assignments of error."

[4] A "certificate of authorization" is required for "any firm to [lawfully] practice or offer to practice surveying in this state." W. Va. Code § 30-13A-1(b). A "certificate holder" is "a firm holding a certificate of authorization issued by the board." W. Va. Code § 30-13A-3(e).

2

*State Farm Mut. Auto. Ins. Co.*, 213 W. Va. 80, 576 S.E.2d 807 (2002) ("Standing is comprised of three elements: First, the party attempting to establish standing must have suffered an "injury-in-fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent and not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct forming the basis of the lawsuit. Third, it must be likely that the injury will be redressed through a favorable decision of the court."). Petitioner has failed to establish that she was adversely affected by the respondent's decision or that the dismissal of her complaint caused her to suffer an injury-in-fact. Moreover, she has failed to establish that her boundary dispute is likely to be remedied by a decision in her favor. Respondent had no authority to resolve petitioner's boundary line dispute or determine the true location of the boundary between petitioner's property and her neighbor's property, and petitioner's property rights were unaffected by the dismissal of the complaint. Ultimately, petitioner has suffered no redressable injury.[5] Consequently, petitioner lacked standing to appeal respondent's decision to the circuit court, and we conclude that the circuit court did not err in determining that petitioner lacked standing to appeal.

Petitioner further argues that West Virginia Code § 30-13A-24 is unconstitutional because it provides a right to appeal to land surveyors but not to complainants. Petitioner contends that the statute violates both state and federal concepts of due process by "result[ing] in a likely loss of property when a surveyor does not adhere to deed calls and then puts a poor person in a legal match that they cannot afford and may not receive any legal representation." Petitioner also argues that the statute violates the equal protection clauses of the United States Constitution and the West Virginia Constitution because a complainant and a land surveyor are "not on equal terms." We find no merit to these arguments. As noted above, a disciplinary proceeding before respondent cannot result in the loss of a complainant's property as respondent's jurisdiction is limited to determining whether a land surveyor has violated the laws or rules governing the practice of surveying and taking disciplinary action against the land surveyor. Additionally, contrary to petitioner's position, both petitioner and Mr. Piggott *are* on equal terms—neither had standing to appeal the dismissal of the complaint because neither was adversely affected by the dismissal. As applied to the facts of this case, we determine that the statute is constitutional.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 18, 2023

---

[5] Our finding that petitioner has suffered no redressable injury is limited to the facts of this case. We make no findings or conclusions as to the merits of petitioner's allegations that Mr. Piggott engaged in wrongful conduct or that the boundary line at issue was improperly drawn.

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

**DISQUALIFIED:**

Justice C. Haley Bunn