**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

A.H.,
**Petitioner Below, Petitioner**

**v.) No. 24-726** (Cabell County CC-06-2024-S-AP-6)

B.K.,
**Respondent Below, Respondent**


**MEMORANDUM DECISION**


Petitioner A.H. appeals the Circuit Court of Cabell County's order entered on November 12, 2024, dismissing her appeal and affirming the personal safety order ("PSO") obtained against her by the respondent, B.K.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the decision of the circuit court is appropriate. *See* W. Va. R. App. P. 21(c).

On October 7, 2024, the magistrate court granted the respondent's petition for a PSO against the petitioner for six months due to stalking, harassing, and threatening conduct. The petitioner appealed to the Circuit Court of Cabell County. The circuit court held a de novo hearing on November 12, 2024, wherein both parties appeared, presented evidence, and testified. The respondent testified that the petitioner would linger outside her home and make threats to physically harm both the respondent and her family members. The petitioner testified to the contrary and submitted pictures to the court which primarily contained text messages between herself and the respondent that she alleged showed that the respondent harassed her. The circuit court stated that "[i]t's obvious that [the parties] are harassing each other," and that based on the testimony, one party was lying. The court ultimately found that the evidence presented showed "that [A.H.] threatened to harm [B.K.] and was stalking [B.K.] and her children." As such, the circuit court found "that [A.H.] stalked [B.K.] and her children . . . [placing B.K.] in reasonable fear of bodily harm . . . [thus committing an act under West Virginia] Code § 53-8-4(a)(3)." Therefore, in an order entered on November 12, 2024, the circuit court affirmed the grant of the PSO and dismissed the petitioner's appeal.

On November 21, 2024, the petitioner filed a motion for reconsideration, arguing that the evidence supporting the PSO was false and insufficient. The petitioner also stated that she thought "it [was] appropriate to grant the PSO," as she did not think that there should be any contact between the respondent and herself, but requested that the alleged false findings relating to her

---

[1] The petitioner and the respondent are both self-represented. Additionally, we use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

threatening the respondent be excluded. In an order entered on November 22, 2024, the circuit court denied the petitioner's motion, again finding that there was sufficient evidence that the petitioner stalked the respondent and placed her in reasonable fear of bodily harm.

On January 22, 2025, the petitioner filed another motion for reconsideration, arguing that new video evidence was available which was crucial to her case, that being the security footage of the parties' encounter outside the magistrate court's PSO hearing. In an order entered on January 27, 2025, the circuit court denied the petitioner's motion, as after review of the petitioner's "filings, attachments, and [video]," the court found that "[t]he parties had a full hearing on the record in this matter and the Court's ruling was made based on the evidence presented." The petitioner now appeals the circuit court's November 12, 2024, order.

We apply the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-pronged deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. W. Va. Ethics Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997).[2] Before this Court, the petitioner argues that the circuit court erred in affirming the magistrate court's grant of the PSO. We disagree. West Virginia Code §§ 53-8-7(a)(2)(A)(i) and (ii) provide, in pertinent part, that a magistrate "[m]ay issue a final [PSO] to protect the petitioner if the court finds by a preponderance of the evidence that: . . . [t]he respondent has committed an act specified in [West Virginia Code § 53-8-4(a)] against the petitioner; and . . . [t]he petitioner has a reasonable apprehension of continued unwanted or unwelcome contacts by the respondent[.]" Further, the acts specified in West Virginia Code § 53-8-4(a)(3) include, among other things, making "repeated credible threats of bodily injury when the person making the threats knows or has reason to know

---

[2] Although this case is technically moot as the PSO has expired, "this Court retains the discretion to address issues that are raised in technically moot cases." *Gallery v. W. Va. Secondary Schs. Activities Comm'n*, 205 W. Va. 364, 367, 518 S.E.2d 368, 371 (1999). As we have explained, this Court may choose to decide technically moot issues upon consideration of three factors, including "whether sufficient collateral consequences will result from determination of the questions presented so as to justify relief" or when "issues . . . may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting and determinate nature." Syl. Pt. 1, in part, *Israel by Israel v. W. Va. Secondary Schs. Activities Comm'n*, 182 W. Va. 454, 388 S.E.2d 480 (1989). Here, the matter satisfies two of the three *Israel* factors. Unquestionably, due to PSOs' fleeting and short nature, issues regarding PSOs are capable of being repeatedly presented to the lower courts yet escape review before this Court. Furthermore, the petitioner alleges collateral consequences in the form of legal fees that she incurred defending against her arrest for an alleged violation of the PSO. Thus, within our discretion, we decide to address the matter, especially considering that the petitioner filed a motion to expedite her appeal on March 12, 2025—prior to expiration of the PSO.

that the threats cause another person to reasonably fear for his or her safety." Here, the court had sufficient evidence (including the parties' testimony and evidence of their electronic communications) to find, by a preponderance of the evidence, that the petitioner committed an act set forth in West Virginia Code § 53-8-4(a)(3) by stalking and threatening B.K.—a type of contact that was unwelcomed by B.K.—and that this continued conduct caused B.K. to be in reasonable fear for her safety. On appeal, the petitioner argues that the evidence supporting the PSO was not credible and that the court failed to properly consider all the evidence, such as the parties' hostile history. However, the fact that the circuit court did not rule in the petitioner's favor does not demonstrate that the circuit court did not properly consider this evidence, and this Court will not reweigh the evidence or disturb the circuit court's credibility determinations. *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."). Accordingly, the court had ample evidence to find that a PSO was appropriate based upon a preponderance of the evidence. *See Frazier v. Gaither*, 248 W. Va. 420, 425, 888 S.E.2d 920, 925 (2023) (defining the preponderance of the evidence as "that degree of evidence that is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows the fact to be proved to be more probable than not" (internal quotations and citations omitted)); *see also In re F.S.*, 233 W. Va. 538, 546, 759 S.E.2d 769, 777 (2014) (highlighting that the preponderance of the evidence standard is a lesser burden of proof than the clear and convincing evidence standard).[3]

Furthermore, the petitioner asserts that the circuit court erred in denying her second motion for reconsideration as the court failed to consider newly discovered evidence, that being the security footage video. However, a motion for reconsideration "is not recognized under our Rules of Civil Procedure." Syl. Pt. 2, in part, *Malone v. Potomac Highlands Airport Auth.*, 237 W. Va. 235, 786 S.E.2d 594 (2015). We have explained that

> [w]hen a party filing a motion for reconsideration does not indicate under which West Virginia Rule of Civil Procedure it is filing the motion, the motion will be considered to be either a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment order. If the motion is filed within ten days of the circuit court's entry of judgment, the motion is treated as a motion to alter or amend under Rule 59(e). If the motion is filed outside the ten-day limit, it can only be addressed under Rule 60(b).

---

[3] The petitioner also asserts that the circuit court erred by allowing the respondent's alleged perjured testimony into the record. However, the petitioner fails to include citations to the appendix demonstrating that she objected to the admission of this testimony. Accordingly, the petitioner has waived this issue. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) ("Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." (citations omitted)). To the extent that the petitioner claims the testimony in question was perjured and, therefore, should not have been considered, we reiterate that the circuit court was tasked with making credibility determinations that we will not disturb on appeal. Furthermore, the petitioner cites to West Virginia Code § 56-6-1 to assert that the circuit court was required to subpoena additional evidence. This statute, however, imposes no such duty on a circuit court. As such, the petitioner's reliance on this statute does not entitle her to relief.

Syl. Pt. 2, *Powderidge Unit Owners Ass'n v. Highland Props., Ltd.*, 196 W. Va. 692, 474 S.E.2d 872 (1996). Here, the petitioner filed her second motion outside the ten-day limit,[4] meaning that it was to be addressed under Rule 60(b) of the Rules of Civil Procedure. That rule provides that "the court may relieve a party . . . from a final judgement" if, among other reasons, there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial."[5] Here, the circuit court specifically stated that it had carefully reviewed this video before upholding its final judgement, despite the petitioner's contentions otherwise. Again, the circuit court's failure to rule in the petitioner's favor does not constitute a failure to consider this evidence. Therefore, the petitioner's argument is without merit, and she is not entitled to relief. Accordingly, we conclude that the circuit court did not err in denying the petitioner's Rule 60(b) motion, affirming the PSO, and dismissing the petitioner's appeal.

For the forgoing reasons, we affirm the circuit court's November 12, 2024, order.

Affirmed.

**ISSUED:** June 24, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan

---

[4] We recognize that on January 1, 2025, Rule 59(e) of the Rules of Civil Procedure was amended to allow for the filing of a Rule 59(e) motion "no later than *28 days* after the entry of the judgment." (emphasis added). However, because the version of the rule in effect at the time the petitioner filed her motion and the circuit court considered it required that such motions be filed within ten days of entry of the final judgment, we treat the petitioner's motion as one filed under Rule 60(b).

[5] Although the petitioner broadly asserts error in the denial of both her motions for reconsideration, she specifically argues that only her "rights under [Rule] 60(b)" were violated by the court's error. Here, only the second motion was filed outside the ten-day limit and was the only motion that included an allegation of newly discovered evidence. Accordingly, our review of this issue is limited only to whether the circuit court erred in denying the petitioner's January 2025 motion for reconsideration.