# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ESTATE OF D.E.; D.E., individually by and through his mother, CHRISTINE ERICKSON; CHRISTINE ERICKSON, individually; and I.E., a minor, by and through her mother, CHRISTINE ERICKSON,**
**Plaintiffs Below, Petitioners**

**FILED**
**November 4, 2024**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 23-ICA-404**     (Cir. Ct. of Marshall Cnty. Case No. CC-25-2023-C-42)

**WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES; JEFFERY M. PACK; and JENNIFER L. RAPER, individually and in her capacity as an employee/agent of WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners, Estate of D.E., D.E., Christine Erickson, and I.E.,[1] appeal from the August 7, 2023, orders of the Circuit Court of Marshall County granting dismissal in favor of Respondents, the West Virginia Department of Health and Human Resources ("WVDHHR"), Jeffery Pack, and Jennifer Raper. Respondents WVDHHR and Pack filed a combined response, while Respondent Raper filed her individual response separately. Petitioners did not file a reply.[2] The issues raised on appeal concern the circuit court's ruling that Respondent Raper is entitled to statutory and qualified immunity, and Respondents WVDHHR and Pack are entitled to sovereign, statutory, and qualified immunity regarding Petitioners' claims.

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re: K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R., II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2] Petitioners are represented by Ronald W. Zavolta, Esq., Michael P. Zavolta, Esq., and Matthew A. Jones, Esq. Respondents WVDHHR and Jeffery Pack are represented by Lou Ann S. Cyrus, Esq., Kimberly M. Bandy, Esq., and Michael D. Dunham, Esq., and Respondent Jennifer Raper is represented by Chelsea V. Brown, Esq., and Ryan A. Nash, Esq.

1

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' oral and written arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision, and no substantial question of law. Therefore, this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure. For the reasons stated below, we affirm in part the circuit court's August 7, 2023, orders, reverse in part, and remand with instructions for the circuit court to enter an order complying with this decision.

Petitioner Christine Erickson is the mother of minors I.E. and D.E., now deceased. Respondent Pack was the Commissioner of the WVDHHR, which, during all times relevant to this case, employed Respondent Raper as a Child Protective Services ("CPS") worker.[3] On December 7, 2022, Petitioner Erickson entered into a Temporary Protection Plan ("the Plan") with WVDHHR and Raper. The Plan required Erickson to temporarily relinquish custody of her two minor children to WVDHHR on that same date and required that she not be physically present at her home when the children arrived there after school at approximately 3:50 p.m. According to the Plan, the two minor children would meet Raper and a Marshall County sheriff's deputy at their school bus drop-off location, then gather their clothing from their home before being taken to the home of friends of the Erickson family. I.E. was delivered safely to the home of the Erickson family friends, but D.E. was not. Although the record is unclear about exactly what transpired at the Erickson home after the children were met at the school bus drop-off location, D.E. was not transported to the home of the Erickson family friends. Instead, D.E. left his home on a motorbike and was subsequently killed in a collision with another dirt bike on a road about a 30-minute drive from his home, approximately an hour and a half after being picked up by Respondent Raper.

On April 21, 2023, Petitioners filed the underlying wrongful death lawsuit in the Circuit Court of Marshall County. The death certificate for D.E. was attached to Petitioner's complaint and indicates that he died as a result of injuries from a dirt bike collision with another bike. In their Complaint, Petitioners claim that D.E. was in the custody, care, and safety, in *loco parentis*, of the WVDHHR and Raper from December 7, 2022, at 3:50 p.m. until the time of his death at approximately 5:30 p.m. on that same day. The Complaint also states that D.E. did not flee, run, or attempt to elude Respondent Raper, that he had no driver's license, permit, or other document allowing him to drive and operate

---

[3] Pursuant to West Virginia Code § 5F-2-1a (2024), the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. That agency is now three separate agencies: the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* West Virginia Code § 5F-1-2. The West Virginia Department of Health and Human Resources, Bureau for Children and Families is now known as the Department of Human Services, Bureau for Social Services.

a dirt bike, and the City of Moundsville and State of West Virginia have laws prohibiting driving dirt bikes on public roadways.

Petitioners allege that WVDHHR and Respondent Raper maliciously and recklessly failed to safely transport D.E. to a safe home with adult supervision. They allege WVDHHR and Respondent Raper "maliciously, willfully, wantonly, and recklessly violated [WVDHHR's] own paramount policy and procedure to above all else protect children[,]" and that the failure "to assure the safety, care, custody, control, and safe transportation and placement of Plaintiff Christine Erickson['s] minor son [D.E.] was malicious, willful, wanton, reckless and or grossly negligent and or intentional." The Complaint also states that "[t]he aforementioned acts and omission of [WVDHHR and Respondent Raper] were in direct violation of well understood Policies, Procedures, and Rules of the State of West Virginia and well recognized nation policies, procedures, rules, and standards that emphasize PROTECTION OF A CHILD IS ALWAYS OF PARAMOUNT CONCERN" and that these Respondents also violated the West Virginia and United States Constitutions, and that WVDHHR and Respondent Raper violated West Virginia Code § 49-1-105(b), et. seq.

Respondent Raper filed her motion to dismiss on May 22, 2023, and Respondents WVDHHR and Commissioner Pack filed their joint motion to dismiss on May 26, 2023. Petitioners filed a combined response to these motions on July 7, 2023, and included with the response a temporary restraining order, various documents related to a domestic violence proceeding in magistrate court against Petitioner Erickson's boyfriend, and her negative drug test results, all of which were not attached to the Complaint. Respondents Pack and WVDHHR filed a reply to Petitioners' response on July 21, 2023, and Respondent Raper filed her reply on the same day.

On July 19, 2023, Petitioners moved to amend their complaint to limit their damages to what is allowed under West Virginia Code § 29-12A-8, and on July 31, 2023, filed a motion to strike Respondent Raper's reply in support of her motion to dismiss because the copy of the Plan attached to that reply had not been provided to Petitioners previously and contained different information than the copy of the Plan attached to the Complaint.

On August 7, 2023, the circuit court granted the Respondents' motions to dismiss in two separate orders. Regarding Respondent Raper, the circuit court found that Petitioners' claims are barred by qualified immunity and by the statutory immunity provided by West Virginia Code § 49-2-802(h). Concerning Respondents WVDHHR and Commissioner Pack, the circuit court found that both WVDHHR and Pack are entitled to sovereign immunity; both are entitled to statutory immunity as all actions alleged were undertaken pursuant to a good faith report of child abuse or neglect; and both are entitled to qualified immunity because there is no allegation that they violated a clearly established

law in connection with the alleged events. Both dismissals were with prejudice. It is from these orders that Petitioners now appeal.[4]

Here, Petitioners appeal the circuit court's August 7, 2023, orders granting dismissal in Respondents' favor, on the basis that Petitioner failed to state a claim upon which relief could be granted, pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. "A circuit court's decision that a complaint fails to state a claim on which relief can be granted is a ruling of law," and thus is subject to de novo review. *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Virginia*, 244 W. Va. 508, 519, 854 S.E.2d 870, 881 (2020). The circuit court may dismiss a pleading for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. W.V.R.C.P. 12(b)(6). The purpose of Rule 12(b)(6) is to test "the adequacy of the claims and the notice provided by the allegations in the pleading." *Mountaineer Fire & Rescue Equip., LLC*, 244 W. Va. at 520, 854 S.E.2d at 882.

A motion to dismiss under Rule 12(b)(6) should only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, in part, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977). Additionally, "the complaint is construed in the light most favorable to plaintiff, and its allegations are to be taken as true." *Lodge Distrib. Co., Inc. v. Texaco, Inc.*, 161 W. Va. 603, 605, 245 S.E.2d 157, 158 (1978).

> However, despite this liberal standard, the Court has made equally clear that complaints must minimally place a defendant on notice of the claim against it. West Virginia Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" In that regard, the Court has explained that "Rule 8 of the Rules of Civil Procedure requires clarity but not detail." Moreover, we have observed that "[t]he primary purpose of these provisions is rooted in fair notice. Under Rule 8, a complaint must be intelligibly sufficient for a circuit court or an opposing party to understand whether a valid claim is alleged and, if so, what it is."

*Malone v. Potomac Highlands Airport Auth.*, 237 W. Va. 235, 240, 786 S.E.2d 594, 599 (2015) (citations omitted). A plaintiff may not hope to grasp a meritorious claim within the elastic boundaries of a barebones complaint, the plaintiff must know every element of their cause of action and clearly state it in the complaint. *Newton v. Morgantown Mach. & Hydraulics of W. Virginia, Inc.*, 242 W. Va. 650, 653, 838 S.E.2d 734, 737 (2019). With these principles for a Rule 12(b)(6) motion in mind, we analyze the circuit court's dismissal of the claims against each Respondent in turn.

---

[4] This Court held Rule 19 oral argument on September 25, 2024.

Regarding the circuit court's dismissal of Respondent Pack with prejudice, we affirm. The Complaint states that Respondent Pack was the WVDHHR Commissioner and that his role involved "management, supervision, direction, policies, procedures, hiring, firing, and training of employees, agents/representatives, mangers [sic], and supervisors." The Complaint also states that he was a "chief officer" of the WVDHHR and "managed and supervised" Respondent Raper. The Complaint also states that Respondent Pack received formal notice of Petitioners' claims. As alleged by Petitioners, those statements are the entirety of Respondent Pack's involvement in the facts of the case. Even taking all the allegations in the Complaint to be true, we find no wrongdoing identified by these alleged actions. Indeed, Petitioners' briefing and arguments before this Court have essentially waived any claims against Respondent Pack. Therefore, we decline to disturb the circuit court's dismissal of Respondent Pack from this case with prejudice.

Concerning Respondent Raper, the Complaint contains insufficient factual allegations to survive dismissal at this stage. Although our rules of civil procedure only require a "short and plain statement of the claim showing that the pleader is entitled to relief," that short and plain statement must "minimally place a defendant on notice of the claim against it." *Malone*, 237 W. Va. at 240, 786 S.E.2d at 599. The plaintiff bears the burden to clearly identify and plead each element of their case. *Newton*, 242 W. Va. at 653, 838 S.E.2d at 737. Here, the Complaint is entirely bereft of any facts regarding exactly how D.E.'s death occurred.[5] The Complaint does little more than claim that D.E. was in Respondent Raper's custody, and that he subsequently died.[6] These barebones allegations

---

[5] This Court must note the singular lack of factual development in this case by all the parties. Nowhere in the underlying Complaint and the various motions before the circuit court, or in the briefing and argument before this Court, does either party offer any facts beyond the fact that D.E. was picked up by Respondent Raper at his bus stop and delivered to his home, and died at some point later that day in a motorbike accident. Because of this dearth of factual development, we have no idea how D.E. acquired the motorbike, what condition he was in when he left the residence, or whether he evaded Respondent Raper or left with her consent. We have no knowledge concerning the motorbike's condition, or whether D.E.'s use of a motorbike had ever previously been a safety concern. This vacuous absence of facts in this case has utterly stymied this Court's attempts to ascertain how D.E.'s death occurred, and what bearing those facts may have on the outcome of this case.

[6] Although not dispositive to the outcome of this case, we take issue with Respondents' argument that CPS was not "in custody" of D.E. at the time of his death because the Plan was voluntary. First, we note that the Plan was "voluntary" in name only, as the alternative to Petitioner Erickson consenting to the Plan was Respondent Raper forwarding the allegations against her to the Marshall County Prosecutor's Office. Second, just because Petitioner Erickson had not permanently surrendered custody of her children in no way obviates the plain fact that CPS had physical custody of the children after they were picked up from their school bus stop.

are not enough to maintain a claim of negligence, wherein the plaintiff has the duty to minimally establish that the defendant owed a duty to him, negligently breached that duty, and that breach proximately caused the plaintiff's injuries. *See Wheeling Park Comm'n v. Dattoli*, 237 W. Va. 275, 280, 787 S.E.2d 546, 551 (2016).

The insufficiency of the pleadings is exacerbated here, in a situation when, like this case, the defendant asserts defenses of immunity. In civil actions where immunities are implicated, the trial court must insist on heightened pleading by the plaintiff. "[I]t is well-established that matters involving qualified immunity, such as the case presently before us, require a type of 'heightened pleading' standard." *W. Virginia Reg'l Jail & Corr. Facility Auth. v. Est. of Grove*, 244 W. Va. 273, 281, 852 S.E.2d 773, 781 (2020). This heightened pleading standard enables the court to better adjudicate whether such claims may proceed, and the facts demanded by this higher pleading standard are especially important because the immunity defense is raised and ruled on before discovery or trial. *See Maston v. Wagner*, 236 W. Va. 488, 498, 781 S.E.2d 936, 946 (2015).

However, "[a] plaintiff is not required to anticipate the defense of immunity in his complaint." *Hutchison v. City of Huntington*, 198 W. Va. 139, 150, 479 S.E.2d 649, 660 (1996) (citing *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923-24, 64 L. Ed. 2d 572 (1980)). Further, "under the West Virginia Rules of Civil Procedure, the plaintiff is required to file a reply to a defendant's answer only if the circuit court exercises its authority under Rule 7(a) to order one." *Id.; see* W.V.R.C.P. 7(a). A court-ordered reply can enhance the efficacy of the judicial process, and if greater detail can assist in the resolution of the dispute, the order to reply should be made. *See Hutchison*, 198 W. Va. at 150, 479 S.E.2d at 660. In other words, unless the circumstances of the case indicate that the plaintiff has already pleaded their best case, the circuit court should order the plaintiff to file a reply tailored to the defendant's immunity defense when a defendant's answer pleads the defense of governmental immunity. *Id.*; *W. Virginia Reg'l Jail & Corr. Facility Auth.*, 244 W. Va. at 281, 852 S.E.2d at 781.

Such an order did not happen here. Instead, the circuit court concluded that Petitioners failed to conform to the higher pleading standard required in a case with a qualified immunity defense, and dismissed the case. The circuit court's failure to order a reply or some other pleading responsive to the defenses of qualified immunity was error. This case is an exemplar of a dispute wherein greater detail would assist the resolution of the matter, owing to opacity of the underlying facts. To rectify this error, we order the circuit court to either amend its dismissal of the claims against Respondent Raper to be without prejudice, order a Rule 7(a) reply regarding Respondent Raper's immunity defenses, or to allow Petitioners to amend their complaint to address those defenses.

Turning to the circuit court's dismissal of the claims against Respondent WVDHHR with prejudice, we affirm the dismissal itself, but reverse the fact that the dismissal was with prejudice. Article VI, Section 35 of the Constitution of the State of West Virginia

provides for the State's sovereign immunity, stating that "[t]he state of West Virginia shall never be made defendant in any court of law or equity[.]" Sovereign immunity extends to State agencies and instrumentalities, thus one cannot maintain an action for damages against a State agency. *See Parkulo v. West Virginia Bd. of Prob. & Parole*, 199 W. Va. 161, 167-68, 483 S.E.2d 507, 513-14 (1996); Syl. Pt. 1, *City of Morgantown v. Ducker*, 153 W. Va. 121, 168 S.E.2d 298 (1969).

West Virginia Code § 55-17-2(2) defines a government agency as "a Constitutional officer or other public official named as a defendant or respondent in his or her official capacity, or a department, division, bureau, board, commission or other agency or instrumentality within the executive branch of state government that has the capacity to sue or be sued." W.Va. Code § 55-17-2(2) (2002). The WVDHHR was a government agency created within the executive branch of the state government pursuant to West Virginia Code § 5F-1-2(a)(3) (2020). However, sovereign immunity's bar to suits against State agencies for damages is not wholly absolute. "Suits which seek no recovery from state funds, but rather allege that recovery is sought under and up to the limits of the State's liability insurance coverage, fall outside the traditional constitutional bar to suits against the State." Syl Pt. 2, *Pittsburgh Elevator Co. v. W. Virginia Bd. of Regents*, 172 W. Va. 743, 310 S.E.2d 675 (1983). Here, the Complaint states nothing regarding seeking damages against the WVDHHR up to the limits of any liability insurance coverage, and does not seek any sort of injunctive relief against the WVDHHR. Therefore, we conclude that Petitioners' claims against the WVDHHR are barred by sovereign immunity and were properly dismissed by the circuit court.

However, on July 19, 2023, Petitioners filed a motion seeking leave to amend the Complaint pursuant to Rule 15(a) of the West Virginia Rules of Civil Procedure to seek "pecuniary damages up to the available state liability policy limits of applicable coverage, consistent with applicable law." Rule 15(a) allows a party to amend their pleading, as a right once, before a responsive pleading is served or due, and otherwise with leave of court or written consent of the adverse party, "and leave shall be freely given when justice so requires." W.V.R.C.P. 15(a). Leave should be "freely given" to promote the adjudication of cases on the merits, therefore leave to amend should always be granted when the amendment permits the presentation of the case's merits, and the adverse party would not be prejudiced by the amendment and can be given ample opportunity to meet the issue. Syl. Pt. 2, *State ex rel. Vedder v. Zakaib*, 217 W. Va. 528, 618 S.E.2d 537 (2005). However, the circuit court never ruled on Petitioners' motion seeking leave to amend.

In this case, the motion for leave to amend the complaint should have been granted, in order to allow the claims to proceed while only seeking the proper remedy pursuant to *Pittsburgh Elevator Co.* would permit the adjudication of the case on the merits, and the WVDHHR would not be prejudiced or rendered unable to meet the issues, as the facts or claims would not be changed by the proposed amendment to the Complaint. Thus, we reverse the aspect of prejudice in the circuit court's dismissal of the WVDHHR, as allowing

7

Petitioners an opportunity to refile their complaint places them in essentially the same position as if they had been given leave to amend the original Complaint.

We must note the limited scope of this decision, as here we are not reaching the merits of the immunity defenses raised by the respondents. It is for the lower court to determine, ideally after receiving more factually thorough pleadings, whether Respondents have immunity from Petitioners' claims pursuant to West Virginia Code § 49-2-802(h), or whether Respondent Raper's actions were those of a reasonable but mistaken public official who is protected by qualified immunity. *See Maston*, 236 W. Va. at 501, 781 S.E.2d at 949; *Hulbert v. Pope*, 70 F.4th 726, 732 (4th Cir.), *cert. denied*, 144 S. Ct. 494 (2023).

Accordingly, we affirm the circuit court's August 7, 2023, orders in part, reverse in part, and remand with instructions for the circuit court to enter an order consistent with this decision.

Affirmed, in part, Reversed, in part, and Remanded.

**ISSUED:** November 4, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear